CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
for Roanoke
OCT 17 2006
JOHN F. CORCORAN, CLERK
BY: ullHup
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ROANOKE DIVISION

BRIAN C. JONES, SR.,
    Petitioner,

        Civil Action No. 7:06CV00601

        **MEMORANDUM OPINION**

UNKNOWN,
    Respondent.

        **By: Hon. Jackson L. Kiser**
        **Senior United States District Judge**

On September 20, 2006, the United States District Court for the Eastern District of Virginia filed petitioner's pro se petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254.[1] In light of the substantial advantages in resolving federal habeas actions in the federal district court nearest to the site from which the underlying state conviction arose, see Braden v. 30th Judicial Circuit Court of Ky., 410 U.S. 484, 497-99 (1973), the case was transferred to this court on October 4, 2006. See Civil Action No. 3:06CV626.

Previously in this court, on September 5, 2006, petitioner, proceeding pro se, filed a "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody," concerning the same sentence calculation, presenting the same grounds and factual assertions as the present petition. Because petitioner was no longer in federal custody, but was in custody of the Commonwealth of Virginia, I filed that petition in forma pauperis as a habeas action under 28 U.S.C. § 2254. On September 22, 2006, I dismissed the petition summarily without prejudice, pursuant to Rule 4 of the Rules Governing § 2254 Cases, because petitioner failed to exhaust state remedies. See Civil Action No. 7:06CV00532.

Under 28 U.S.C. § 2254(b), a federal court cannot grant a habeas petition unless the petitioner has exhausted the remedies available in the courts of the state in which the petitioner was

---

[1] Petitioner signed and dated his notarized petition on August 30, 2006. Date stamps indicate that the petition was received by the Staff Attorneys' Office in Richmond on September 5, 2006.

convicted. Preiser v. Rodriguez, 411 U.S. 475, 477 (1973). If the petitioner has failed to exhaust state court remedies, the federal court must dismiss the petition. Slayton v. Smith, 404 U.S. 53, 54 (1971). The exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider the claim. See O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). In Virginia, a non-death row inmate can exhaust his state remedies in one of three ways, depending on the nature of the claims he is raising. First, the inmate can file a direct appeal to the Court of Appeals of Virginia, with a subsequent appeal to the Supreme Court of Virginia if the Court of Appeals rules against him. Second, the inmate can attack his conviction collaterally by filing a state habeas petition with the circuit court where he was convicted, with an appeal of an adverse decision to the Supreme Court of Virginia. Va. Code § 8.01-654. Finally, he can exhaust his remedies by filing a state habeas petition directly with the Supreme Court of Virginia. Id. Whichever route the inmate chooses to follow, it is clear that he ultimately must present his claims to the Supreme Court of Virginia and receive a ruling from that court before a federal district court can consider them. See O'Sullivan v. Boerckel, 526 U.S. 828, 845 (1999).

The petition in the instant case indicates that Jones has served his federal sentence of imprisonment and has been held in the custody of state authorities since July 14, 2006. Petitioner presents no evidence that his sentence execution claims have been presented to the Supreme Court of Virginia. The burden of proving that a claim has been exhausted lies with the petitioner. Mallory v. Smith, 27 F.3d 991, 994 (4th Cir. 1994). Jones's failure to exhaust state remedies mandates summary dismissal of the petition, pursuant to Rule 4 of the Rules Governing § 2254 Cases.[2]

---

[2] Jones may still pursue a federal habeas petition under § 2254 if he is unsuccessful in obtaining relief after presenting his sentence calculation claims to the Supreme Court of Virginia. The time to file a state or federal habeas petition is limited by statute. See 28 U.S.C. § 2244(d); Virginia Code § 8.01-654(A)(2). Additionally, Jones should note that he may be able to obtain relief from the Virginia Parole Board.

In addition to his "[i]mmediate release from custody," Jones also seeks to recover monetary damages of "$25,000 a day for everyday [sic] [he] is held illegally." However, any claim for damages caused by an "allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid" will not accrue until "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). In other words, a state prisoner's claim for damages is not cognizable if a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence, unless the prisoner can demonstrate that the conviction or sentence has previously been invalidated. Id. Jones offers no indication that his confinement pursuant to the sentence for his state conviction has been held invalid by a state or federal court decision. Accordingly, any claim for monetary damages has not yet accrued and must therefore be dismissed without prejudice. Id.

The Clerk is directed to send certified copies of this memorandum opinion and accompanying order to the petitioner.

ENTER: This 17th day of October, 2006.

Senior United States District Judge